IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ANDREW CALKINS,<br><br>Plaintiff,<br><br>v.<br><br>DAVIS SCHOOL DISTRICT, et al.,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS CLAIMS AGAINST DEFENDANTS DAVIS SCHOOL DISTRICT, BECKY WILLIAMS, AND LAURA BOND**<br><br>Case No. 1:15-cv-00060-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Defendants Davis School District, Becky Williams, and Laura Bond (collectively, the School District Defendants) move the Court to dismiss *pro se* Plaintiff Andrew Calkins's claims against them for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure (Rules) 12(b)(1) and 12(b)(6). (Mot. to Dismiss (Mot.) 5-8, ECF No. 15.) Having reviewed the parties' briefings, the undersigned[1] RECOMMENDS dismissing the claims against the School District Defendants without prejudice for failure to state a claim upon which this Court can grant relief.

On April 14, 2015, *pro se* Plaintiff Andrew Calkins filed a Complaint against Davis School District, Becky Williams, Brad Vallace, and Laura Bond, as well as Bountiful City, Bountiful City Police Officer Matthew Combs, Bountiful City Prosecutor J.C. Ynchausti, the United States Equal Opportunity Commission, and Melinda Caraballo. (Compl., ECF No. 3.) Mr. Calkins brings hostile work environment and retaliation claims based on religion under Title

---

[1] On August 24, 2015, District Judge David Nuffer referred this case to Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.)

1

VII of the Civil Rights Act of 1964.  (Compl. 1-2, ECF No. 3.)  On July 18, 2016, the School District Defendants moved to dismiss the claims against them pursuant to Rules 12(b)(1) and (6). (Mot. 5-8, ECF No. 15.)  The undersigned finds the School District Defendants' arguments as to why Rule 12(b)(6) applies persuasive.

## I.  DISCUSSION

Mr. Calkins proceeds *pro se*; thus, the Court must liberally construe his pleadings. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1073 (10th Cir. 2008).  However, the Court cannot act as an advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Rules.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) ("[T]his court has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants.") (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

### A.  Subject Matter Jurisdiction

The School District Defendants argue that this Court lacks subject matter jurisdiction. (Mot. 7-8, ECF No. 15.)  Before reaching the merits of a case, the Court must determine whether it holds subject matter jurisdiction over Mr. Calkins's claims.  *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007).  The School District Defendants correctly note that the Court would not have jurisdiction over the hostile work environment claim had it occurred more than 300 days before Mr. Calkins filed his EEOC Complaint.  (Mot. 7, ECF No. 15 (citing *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1308 (10th Cir. 2005).)

According to the Complaint, Mr. Calkins filed his EEOC Complaint on August 14, 2014. (Compl. 3, ECF No. 3.)  October 13, 2013 fell 300 days before August 14, 2014.  Mr. Calkins

alleges events involving the School District Defendants in November of 2013 and May of 2014. (*Id.* at 2-3.)  These events fall after October 13, 2013, and within the 300 day window.

Under Tenth Circuit case law, "the entire hostile work environment encompasses a single unlawful employment practice." *Boyer v. Cordant Techs., Inc.*, 316 F.3d 1137, 1139 (10th Cir. 2003) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002)).  Because a hostile work environment legally constitutes a single practice, if any specific acts fall within the 300 day window then *all* acts comprising the hostile environment fall within the Court's subject matter jurisdiction.  *See Morgan*, 536 U.S. at 118 (holding employer may have liability for all acts constituting a single claim so long as plaintiff files a charge within 300 days of any constituent act).  All alleged acts do not fall within a single employment practice if the alleged acts take place in distinct work environments.  Courts delineate between work environments by "consider[ing] whether the pre- and post-limitations period acts were 'related by type, frequency, and perpetrator,'" whether the acts occurred in the same place, and other pertinent criteria. *Hansen v. SkyWest Airlines*, 844 F.3d 914, 923 (10th Cir. 2016) (quoting *Duncan*, 397 F.3d at 1309) (listing non-exclusive factors to consider).  Mr. Calkins alleges several specific acts occurred after October 13, 2013.  The Court need not delineate between relevant acts on this Motion to Dismiss.  The undersigned RECOMMENDS the Court find it holds subject matter jurisdiction over the hostile work environment claim and all constituent acts.

### B. Hostile Work Environment Claim

Turning to the merits, Mr. Calkins's Title VII hostile work environment claim fails under Rule 12(b)(6).  The Court construes *pro se* pleadings liberally, holding them to a less stringent standard.  *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).  A *pro se* plaintiff's claims should survive a Rule 12(b)(6) motion, "despite the plaintiff's failure to cite proper legal

authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* (citing *Hall*, 935 F.2d at 1110). Regardless, even a *pro se* plaintiff must "'set forth plausible claims' animating the elements of her causes of action." See *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012)). Should a plaintiff's original complaint miss "important element[s] that may not have occurred to him," a court will grant leave to amend. *Hall*, 935 F.2d at 1110. After providing opportunity to amend, a court may properly dismiss with prejudice upon concluding that further chances to amend would prove "futile." *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).

A court must engage in a context specific inquiry, utilizing "judicial experience and common sense," to determine whether a plaintiff's claims rise to the level of plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110. Courts disregard legal allegations masquerading as facts. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 at 555 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). If a *pro se* party has not alleged sufficient facts to support a legal theory, courts will not fill in the factual gaps. *Smith*, 561 F.3d at 1096 (citing *Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

To plead a hostile work environment claim sufficiently, Mr. Calkins must allege facts demonstrating the hostile environment. These facts must plausibly describe a "workplace … permeated with discriminatory intimidation, ridicule, and insult … sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Hall v. U.S. Dep't of Labor,* 476 F.3d 847, 851 (10th Cir. 2007) (quoting *Davis v.*

4

*U.S. Postal Serv.,* 142 F.3d 1334, 1341 (10th Cir. 1998) (internal quotation marks omitted)). Additionally, the harassment must stem from animus against a protect class to which the defendant thinks the plaintiff belongs. *See Tademy v. Union Pac. Corp.*, 614 F.3d 1132, 1139 (10th Cir. 2008) (requiring harassing acts to come from racial animus). Whether the environment qualifies as hostile depends on all the relevant circumstances including, "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

      Mr. Calkins fails to provide enough allegations with sufficient specificity to plead a hostile work environment based on religion. The Complaint only includes a single derogatory comment made to Mr. Calkins by the Custodial Coordinator. (Compl. 2, ECF No. 3 (stating "[a]t least if they are married you know someone can trust the son of a bitch.").) The rest of the allegations of hostility, aggression, or discrimination remain vague. (Compl. 2, ECF No. 3.) "I complained to Laura Bond that staff was treating me differently"; "I complained because of lack of communication, and I thought it could get physically violent against me, and I didn't want any one to get hurt"; "After continued harassment [ ] I took vacation"; "when I returned the school was a disaster even though my time off was approved, and they had a proper substitute. Where they reassigned my area of work. And continued the hostile environment." (*Id.*) Mr. Calkins must provide enough detailed allegations to "animat[e] the elements of [his] causes of action." *See Burnett,* 706 F.3d at 1236. Mr. Calkins fails to identify the harassment, its frequency, the participants, or its connection to his religion. Sufficiency of the Complaint depends on the totality of the circumstances, and limited description of the circumstances precludes the Court from determining whether Mr. Calkins has a claim upon which this Court can grant relief.

Therefore, the undersigned RECOMMENDS the Court dismiss Mr. Calkins's hostile work environment claim without prejudice for failure to state a claim.

### C. Retaliation Claim

Mr. Calkins also attempts to assert a retaliation claim against the School District Defendants. This claim also fails to meet the federal pleading standards. A prima facie case of retaliation includes facts showing, "(1) [the plaintiff] engaged in protected opposition to discrimination; (2) he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action." *O'Neal v. Ferguson Const. Co.*, 237 F.3d 1248, 1252 (10th Cir. 2001). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [his] [C]omplaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d 1192.

The School District Defendants argue that Mr. Calkins fails to allege Title VII discrimination and thus necessarily fails to allege retaliation. (Mot. 6-7, ECF No. 15.) Mr. Calkins claims he reported "inappropriate behavior." (Compl. 2, ECF No. 3.) However, for this allegation to contribute to a successful Title VII retaliation claim, the "inappropriate behavior" of which Mr. Calkins complained must be an unlawful practice under Title VII. *See Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002). "Title VII does not prohibit all distasteful practices by employers," only adverse actions in response to protected opposition. *Id*; *see also Anderson v. Acad. Sch. Dist. 20*, 122 F. App'x 912, 916 (10th Cir. 2004) (unpublished) ("[A] vague reference to discrimination and harassment without any indication that this misconduct was motivated by race (or another category protected by Title VII) does not constitute protected activity and will not support a retaliation claim."). Without facts about the

nature of the inappropriate behavior reported, Mr. Calkins fails to state a claim of retaliation based on protected opposition to discrimination. The undersigned cannot tell from the face of the Complaint whether Mr. Calkins reported unlawful discrimination and thus engaged in protected activity or merely reported difficult working situations and thus did not engage in protected activity.

The School District Defendants also argue that Mr. Calkins fails to provide sufficient allegations to meet the third element of retaliation: the requirement that a causal connection between the protected activity and adverse employment action exist, and more specifically that the protected activity caused the adverse action. (Mot. 7, ECF No. 15 (citing *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. __, 133 S. Ct. 2517, 2534 (2013).) Mr. Calkins does allege he "was removed from [his] position." (Compl. 2, ECF No. 3.) He does not allege when, how, and why that occurred. (*Id.*) The absence of these details adds to the insufficiency of the Complaint. For these reasons the undersigned RECOMMENDS the Court dismiss the retaliation claim against the School District Defendants without prejudice.

### D.  Unidentified Third Claim

Mr. Calkins also purports to have a third claim under a "basis I omitted until I can explain." (Compl. 2, ECF No. 3.) The Complaint provides the proper place to explain claims, which allows the Court to assess jurisdiction and puts the Defendants on notice, among other reasons. If Mr. Calkins has a third claim, he must plead it in the Complaint along with alleging facts to support it that make the claim both understandable and plausible. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Therefore, the undersigned RECOMMENDS dismissal of the unidentified claim against the

School District Defendants without prejudice for failure to state a claim upon which this Court can grant relief.

## II.  RECOMMENDATION

Mr. Calkins failed to respond to the School District Defendants' Motion to Dismiss. Nonetheless, the undersigned recommends allowing Mr. Calkins the opportunity to amend given that the Tenth Circuit only declines such opportunity when "it is obvious that the plaintiff cannot prevail on the facts he has alleged," and amendment would prove futile.  *Gee*, 627 F.3d at 1195 (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001)).  At this time, the undersigned cannot say that amendment will prove futile.  Moving forward, the undersigned warns Mr. Calkins that continued failure to respond to filings could result in dismissal of this case with prejudice.

For the reasons discussed above, the undersigned RECOMMENDS the District Court dismiss Mr. Calkins's claims against Davis School District, Becky Williams, and Laura Bond without prejudice pursuant to Rule 12(b)(6) and grant Mr. Calkins thirty days to amend.

\*

\*

\*

\*

The Court will send copies of this Report and Recommendation to the parties and notifies them of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the Court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 23d day of March, 2017.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge