IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ANDREW CALKINS,<br><br>                         Plaintiff,<br><br>v.<br><br>DAVIS SCHOOL DISTRICT, et al.,<br><br><br>                         Defendants. | **REPORT AND RECOMMENDATION  TO DISMISS CLAIMS AGAINST DEFENDANTS BOUNTIFUL CITY, MATTHEW COMBS, AND J.C. YNCHAUSTI**<br><br>Case No.  1:15-cv-00060-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Defendants Bountiful City, Matthew Combs, and J.C. Ynchausti (collectively, the Bountiful City Defendants) move the Court to dismiss *pro se* Plaintiff Andrew Calkins's claims against them for failure to state a claim pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6).  (Mot. to Dismiss (Mot.) 3-6, ECF No. 18.)  Having reviewed the parties' briefings, the undersigned[1] RECOMMENDS dismissing the claims against the Bountiful City Defendants without prejudice for failure to state a claim upon which this Court can grant relief.

On April 14, 2015, *pro se* Plaintiff Andrew Calkins filed a Complaint against Davis School District, Becky Williams, Brad Vallace, and Laura Bond, as well as Bountiful City, Bountiful City Police Officer Matthew Combs, Bountiful City Prosecutor J.C. Ynchausti, the United States Equal Opportunity Commission, and Melinda Caraballo.  (Compl., ECF No. 3.) Mr. Calkins brings claims of hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964.  (Compl. 1-2, ECF No. 3.)  On July 26, 2016, the Bountiful City Defendants

---

[1] On August 24, 2015, District Judge David Nuffer referred this case to Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 4.)

moved to dismiss the claims against them pursuant to Rule 12(b)(6).  (Mot., ECF No. 18.)  The undersigned finds the Bountiful City Defendants' arguments persuasive.

## I.  LEGAL STANDARD

Mr. Calkins proceeds *pro se*; thus, the Court must liberally construe his pleadings. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1073 (10th Cir. 2008).  However, the Court cannot act as an advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Rules.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) ("[T]his court has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants.") (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

## II.  OFFICER COMBS

Mr. Calkins names Matthew Combs, a Bountiful City police officer, as a Defendant and alleges facts concerning their interaction on May 8, 2014 on the grounds of Boulton Elementary. (Compl. 3, ECF No. 3.)  According to Mr. Calkins, he arrived at the school that day and attempted to enter the building but had difficulty with the card reader system.  (*Id.*)  Mr. Calkins met the Head Custodian, Jeff Love, at the front of the building, and then Officer Combs arrived. (*Id.*)  Officer Combs indicated Brad Vallace, a Davis School District employee, had told Officer Combs that Mr. Calkins "was not supposed to be" at Boulton Elementary that day.  (*Id.*)  Mr. Love told Officer Combs Mr. Calkins was supposed to be at the school and was just leaving. (*Id.*)  Officer Combs asked Mr. Calkins if he had a gun.  (*Id.*)  After a negative response, Officer Combs asked Mr. Calkins if he would consent to a search.  (*Id.*)  Mr. Calkins declined, and Officer Combs "threatened to tazer [sic]" Mr. Calkins, "grabbed" Mr. Calkins, and "searched" Mr. Calkins.  (*Id.*)  After Officer Combs instructed Mr. Calkins to leave, Mr. Calkins left.  (*Id.*)

The Bountiful City Defendants argue that Mr. Calkins's allegations against Officer Combs fall short of any plausible Title VII claim.  (Mot. 5-6, ECF No. 18.)  The undersigned agrees that Mr. Calkins's allegations fail to state an employment discrimination claim against Officer Combs.  A *pro se* plaintiff's claims should survive a Rule 12(b)(6) motion, "despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  Regardless, even a *pro se* plaintiff must "'set forth plausible claims' animating the elements of her causes of action."  *See Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012)).

Officer Combs does not constitute a proper defendant to Mr. Calkins's Title VII claim. Title VII grants relief "against the *employer,* not individual employees whose actions would constitute a violation of the Act… .  [T]he proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly."  *Sauers v. Salt Lake Cty.*, 1 F.3d 1122, 1125 (10th Cir. 1993) (quoting *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991)).  Mr. Calkins does not allege that Officer Combs acted as a supervisory employee of Davis School District, an agent of Davis School District, or a direct employer of Mr. Calkins.  (*See* Compl. 2-3, ECF No. 3.)  Therefore, the undersigned RECOMMENDS the District Judge dismiss the Title VII Claims against Officer Combs without prejudice for failure to state a claim.

### III.  MR. YNCHAUSTI

Mr. Calkins's allegations against J.C. Ynchausti recount how the two of them reached a plea agreement on Mr. Calkins's trespassing charge.  (Compl. 3, ECF No. 3.)  "[I]f [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Mr. Calkins's allegations in no way state a claim of employment discrimination against Mr. Ynchausti.  More importantly, Mr. Ynchausti enjoys prosecutorial immunity when acting in his official capacity as Bountiful City prosecutor.  *Imbler v. Pachtman*, 424 U.S. 409, 424-25 (1976); *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) ("A prosecutor is absolutely immune for activities which are 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution.").  Negotiating a plea agreement clearly falls within the scope of Mr. Ynchausti's official duties, *Selkin v. Mielke*, 46 F.3d 1152 (10th Cir. 1995) (noting Tenth Circuit's history of holding plea bargaining as activity earning absolute immunity) (unpublished table decision) (citing *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1492 (10th Cir. 1991)), and therefore prosecutorial immunity bars Mr. Calkins's claims against Mr. Ynchausti.  The undersigned RECOMMENDS the District Judge dismiss the Title VII claims against Mr. Ynchausti without prejudice for failure to state a claim.

### IV.  BOUNTIFUL CITY

As to Bountiful City itself – the Complaint makes no reference to the City other than in the Complaint's caption.  According to the Complaint's introductory paragraph, the intended causes of action arise under Title VII of the Civil Rights Act of 1964.  (Compl. 1, ECF No. 3.) Mr. Calkins sues two employees of Bountiful City, Officer Combs and Prosecutor Ynchausti.

(*Id.* at 2-3.) Because Mr. Calkins does not specify, the Court construes his claims liberally to assert both individual and official-capacity claims against these two Defendants. *Smith*, 561 F.3d at 1093 n. 2. Claims against government employees in their official capacities really constitute claims against the governmental entity. *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). However, because Title VII only authorizes suits against employers, *Sauers*, 1 F.3d at 1125, and Mr. Calkins does not allege Bountiful City employed him, the Complaint fails to state a Title VII claim against Bountiful City. The undersigned RECOMMENDS the District Judge dismiss the claims against Bountiful City without prejudice for failure to state a claim.

## IV.  RECOMMENDATION

Mr. Calkins frames his claims as Title VII hostile work environment and retaliation claims. (*See* Compl. 2, ECF No. 3.) In doing so, he states, "I believe I have been injured in hiring, and promotions in employment, and reputation." (*Id.*) Mr. Calkins seeks return to his job, along with a promotion and back pay, as the remedies for the harms he alleges he suffered. (*Id.*) The Complaint never mentions any other harm or requested relief.

Mr. Calkins makes allegations concerning Officer Combs and Mr. Ynchausti. (Compl. 3, ECF No. 2-3.) None of the allegations can amount to a successful Title VII claim against any of the Bountiful City Defendants, because Title VII does not authorize claims against anyone other than an employer. *Sauers*, 1 F.3d at 1125 ("[T]he proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly."). Where Mr. Calkins fails to identify any harm outside of his employment or seek relief beyond reinstatement, promotion, and back pay, the Court cannot act as Mr. Calkins's attorney and review the Complaint for other possible causes of action, should Mr. Calkins assert additional facts. *See Garrett*, 425 F.3d at 840 ("[T]he court

cannot take on the responsibility of serving as the litigant's attorney in constructing arguments."); *see also Whitney*, 113 F.3d at 1175 ("[W]e will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."). If Mr. Calkins thinks the Bountiful City Defendants have harmed him, he should explain what harm they did and what relief he seeks in his Amended Complaint.

Mr. Calkins added to the undersigned's difficulty in understanding his claims by failing to respond to the Bountiful City Defendants' Motion to Dismiss. Nonetheless, the undersigned supports granting Mr. Calkins the opportunity to amend, given that the Tenth Circuit only declines such opportunity when "it is obvious that the plaintiff cannot prevail on the facts he has alleged," and amendment would prove futile. *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001)). Moving forward, the undersigned warns Mr. Calkins that continued failure to respond to filings could result in dismissal of this case with prejudice.

For the reasons discussed above, the undersigned RECOMMENDS the District Court dismiss Mr. Calkins's claims against Bountiful City, Matthew Combs, and J.C. Ynchausti without prejudice pursuant to Rule 12(b)(6) and grant Mr. Calkins thirty days to amend. Should Mr. Calkins choose to amend his Complaint, the undersigned instructs Mr. Calkins to follow the Rules, specifically Rule 8(a), which requires that a pleading contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same.  The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the Court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof.  Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 23d day of March, 2017.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge