IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ANDREW CALKINS,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>DAVIS SCHOOL DISTRICT, et al.,<br><br>　　　　　　　Defendants. | **REPORT AND RECOMMENDATION TO DISMISS CLAIMS AGAINST DEFENDANT EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**<br><br>Case No. 1:15-cv-00060-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Defendant Equal Employment Opportunity Commission (EEOC) moves the Court to dismiss *pro se* Plaintiff Andrew Calkins's claims against it for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(1) and (b)(6). (Def. EEOC's Mot. to Dismiss (Mot.) 4-7, ECF No. 21.) Having reviewed the parties' briefings, the undersigned[1] RECOMMENDS the Court dismiss the claims against the EEOC without prejudice for failure to state a claim upon which this Court can grant relief.

On April 14, 2015, *pro se* Plaintiff Andrew Calkins filed a Complaint against Davis School District and three individual employees, Bountiful City, a Bountiful City Police Officer and Prosecutor, and the EEOC and one of its employees, Melinda Caraballo. (Compl., ECF No. 3.) On August 3, 2016, the EEOC moved to dismiss the claims against it pursuant to Rule 12(b)(1) and (b)(6). (Mot., ECF No. 21.) The undersigned finds the EEOC's argument as to why Rule 12(b)(6) applies persuasive.

Mr. Calkins proceeds *pro se*; thus, the Court must liberally construe his pleadings.

---

[1] On August 24, 2015, District Judge David Nuffer referred this case to Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.)

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1073 (10th Cir. 2008). However, the Court cannot act as an advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Rules. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) ("[T]his court has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants.") (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

While Mr. Calkins's Complaint lacks clarity, the following excerpt encapsulates his dispute with the EEOC:

> AFTER ATTEMPTING TO CONTACT THE EEOC MANY TIMES TO GET AN INTERVIEW 11/12/2014 I DIDN'T GET A CALL FROM AN INVESTIGATOR FOR MORE THAN 90 DAYS. I WENT TO THE U.S. ATTORNEY OFFICE, AND THEY CONTACTED THE DENVER OFFICE. AND THE DENVER OFFICE CALLED ME. AND ONLY AFTER THAT DID I GET A CALL FROM ROBERTO RIVERA THE INVESTIGATOR. AND WHEN HE DID CALL HE SAID HE HAD NO INTENTIONS OF PURSUING THIS CHARGE ANY FARTHER. I BELIEVE THEY INTENTIONALLY DELAYED THE PROCESS. AND FAILED TO INVESTIGATE AT ALL. I DIDN'T KNOW ANYTHING ABOUT RIGHT TO SUE LETTERS, OR ABOUT THE LAW, OR THEIR PROCESS.

(Compl. 3, ECF No. 3.) According to Mr. Calkins's allegations, the EEOC intentionally delayed processing his charge and failed to investigate at all. In assessing a Motion to Dismiss, the Court must take as true all "plausible, non-conclusory, and non-speculative" facts and resolve factual disputes in favor of Mr. Calkins. *Dudnikov*, 514 F.3d at 1070 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Even with these assumptions in his favor, Mr. Calkins's claim does not survive the EEOC's Rule 12(b)(6) Motion.

The EEOC rightly cites the controlling precedent in the Tenth Circuit laid out in *Scheerer v. Rose State College*: Congress has not created a federal cause of action against the EEOC that allows private parties to challenge the processing of a claim. 950 F.2d 661, 663 (10th Cir. 1991).

Without any possible cause of action, the undersigned RECOMMENDS the Court dismiss Mr. Calkins's claim against the EEOC. *Id.*

Congress does offer an alternative solution to plaintiffs unsatisfied with the EEOC's final treatment of their claim. Once the EEOC has notified a private party that it does not intend to pursue the claim, Title VII's enforcement provisions allow that private party to pursue his claim against the employer independently through the United States district courts. 42 U.S.C. § 2000e-5(f)(1)-(2). In this case, Mr. Calkins has chosen this option, while simultaneously suing the EEOC over its processing of his claim. Clear precedent precludes the latter action. *Scheerer*, 950 F.2d at 663.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the Clerk of the Court, pursuant to 28 U.S.C. § 636(b) and Rule 72(b), within fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 24th day of March 2017.

BY THE COURT:

*[signature]*
EVELYN J. FURSE
United States Magistrate Judge